UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BAER**

GEORGIANA CATHERINE SKELLIE,

**COMPLAINT**

Plaintiff,

-against-

CSX TRANSPORTATION,

Defendant.

**05 CV 852**

Case No.

## PRELIMINARY STATEMENT

1. This is a case brought under Title VII, 42 USC 2000 e, et seq.

## JURISDICTION AND VENUE

2. The District Court has jurisdiction over this action pursuant to 28 USC 1331 and 28 USC 1343(a)(3) and (4).

3. Venue is proper in the Southern District of New York pursuant to 28 USC 1391.

## PARTIES AND FACTUAL ALLEGATIONS

4. Plaintiff is an individual who at all relevant periods of time was employed by the defendant.

5.      Upon information and belief, defendant, a Virginia corporation, is a transportation company which operates in the eastern United States and does business on a regular basis within the Southern District of New York.

6.      Plaintiff began her employment with the defendant as a laborer in December 2001. Plaintiff, a female, attempted to enter a labor force which is almost exclusively male. Thus, plaintiff is a member of a protected class.

7.      Almost from the inception of her employment, plaintiff was subjected to acts of hostility and harassment which were immediately brought to the attention of her supervisors. Due to the inaction of these individuals and their contributions to the harassment and hostility towards plaintiff, these continuing acts may be considered a policy of the defendant.

8.      These acts and notification of same include, but are not limited to, the following:

9.      Plaintiff was subjected to sexual advances from co-workers and supervisors continually. These acts were promptly reported to plaintiff's plant manager, Dean Erok.

10.     In February 2002, when plaintiff was attempting to clear a track, a co-worker placed a hammer on the track which could have caused a derailment.

11. On July 9, 2002, one of plaintiff's managers, Mr. Smith, made an inappropriate comment about plaintiff's attire.

12. On July 26, 2002, Mr. Smith asked another employee where plaintiff lived. Both of these acts were reported to Dean Erok.

13. During much of the time that plaintiff worked for the defendant, there was no women's locker room/bathroom and plaintiff had to use a computer room or a substandard bathroom in which to change.

14. In August 2002, all of plaintiff's possessions, including those in her lockers, were moved and placed in a main hallway.

15. On February 8, 2003, plaintiff had one-half hour wrongly docked from her pay by G.E.T.D. Sean Smith.

16. On February 25, 2003 and on other occasions, plaintiff's co-workers displayed female pornography.

17. In February 2003 and dates thereafter, plaintiff was docked for hours and reprimanded for arriving late due to medical appointments. Male co-workers did not receive this treatment.

18. On March 9, 2003, plaintiff was putting a hatch on an oily top of a locomotive and was abused and belittled by co-workers.

19. On March 13, 2003, plaintiff was denied an application to a management training program by John Sgroi, stating that it was too late. A prior application was destroyed by a co-worker.

20. Plaintiff was never given any crane operation training. On April 22, 2003, an individual operating a crane attempted to knock plaintiff off the top of a locomotive with a locomotive turbo hatch. This incident was properly reported to management, but the worker was not identified or disciplined.

21. On May 13, 2003, plaintiff was wrongly reprimanded by a manager before other workers.

22. On June 3, 2003, a different superintendent wrongly berated plaintiff before other employees and sent plaintiff home.

23. On June 24, 2003, plaintiff could not get an employee to work with her, despite the fact that work was often done in pairs. At that time she was called a "bitch" and a "dyke". Another employee said: "She wants a man's job, let her do it."

24. On September 30, 2004, plaintiff met with two employees from Human Resources, George Luiga and Bill Dunn, who were informed of all of the foregoing. They told plaintiff that they would investigate her complaints and respond to plaintiff. This was not done and they only referred plaintiff to yet another Human Resources employee, Libby Weber.

25. In January 2004, plaintiff informed Libby Weber of much of the foregoing.

26. On February 23, 2004, Libby Weber told plaintiff that plaintiff's complaints would be handled by yet another individual, Ronald Stevens. Plaintiff has not been contacted by Mr. Stevens and has not been able to contact him directly.

27. On March 4, 2004, plaintiff filed a formal complaint with the New York State Division of Human Rights.

28. On July 21, 2004, defendant answered plaintiff's complaint.

29. On or around August 4, 2004, plaintiff responded to defendant's answer.

30. On October 26, 2004, the United States Equal Employment Opportunity Commission issued plaintiff a Notice of Right to Sue (Issued on Request).

## FIRST CLAIM

31. Based upon the foregoing acts of her co-workers, along with the total failure of the defendant's managers, supervisors and human resources employees to end these acts, plaintiff has suffered from major depressive disorder and has been unable to work.

32. Based upon the foregoing continuous pattern and defendant's repeated failure to remediate despite notice, plaintiff's conditions

of employment changed to her detriment and she can no longer perform her work. Such conduct directed towards plaintiff constitutes a hostile work environment.

## SECOND CLAIM

33. The above conduct was directed at plaintiff solely due to the fact that she is female. As such, defendant's acts towards plaintiff constitutes disparate treatment.

## THIRD CLAIM

34. Plaintiff has required the services of an attorney and respectfully requests costs, disbursements and reasonable legal fees.

WHEREFORE, plaintiff respectfully requests the following:

a. The empanelment of a jury to hear and determine her claims;

b. Legal relief for past, current and future lost earning, along with relief based upon mental anguish, along with such equitable relief as may be just and proper;

c.  Costs, disbursements and reasonable legal fees in an amount to be determined by the Court; and

d.  Such other and further relief as may be just and proper.

Dated:  New York, New York
January 10, 2005

Yours, Etc.,

**PAUL B. DALNOKY**
Attorney for Plaintiff
333 East 6 Street, #1N
New York, NY 10003
(212) 260-4386